GRIMES, Acting Chief Judge.
This is an appeal from a nonfinal order determining jurisdiction of the person. Fla.R.App.P. 9.130(a)(3)(C)(i).
Coqui, Inc., a Florida corporation, filed an unsworn complaint for damages against Jerry Rosenberg, a Massachusetts resident, in the Circuit Court for Hillsborough County, Florida. Rosenberg attacked personal jurisdiction by filing a motion to dismiss accompanied by his affidavit. At the hearing, only James E. Gramling, a Coqui employee, testified. Considering Graml-ing’s testimony, Rosenberg’s affidavit, and those portions of the complaint which have not been controverted, the following facts may be gleaned.
In June of 1981 Rosenberg answered Co-qui’s advertisement for the position of sales representative. He was interviewed by the vice president of sales, Lloyd Roberts, in Coqui’s New York office. At that time, Rosenberg entered into an oral agreement with Roberts, who was acting as Co-qui’s agent, under which Rosenberg would act as a sales representative for Coqui in the New England states. Rosenberg would be paid by commissions on sales which he generated. He would receive a monthly draw to be credited against his commissions, and if his draw exceeded the commission, he would be obligated to repay the excess to Coqui.
Rosenberg submitted customers’ orders to Coqui’s office in Tampa. If Coqui determined to accept the sales, Coqui would make the deliveries directly to the customers and obtain the payments from them. Rosenberg had no authority to make deliveries of accepted orders or to make collections. Rosenberg attended one Coqui sales meeting in Florida, but all of his supervision was performed by Roberts out of Co-qui’s New York office. Coqui paid Rosenberg by monthly checks mailed from the Tampa office and sent Rosenberg samples from that office.
In the suit Coqui sought to recover for draws in excess of commissions which were said to total $19,436.94 and for $6,394.77 as the value of samples Rosenberg allegedly refused to return. The only fact over which there appeared to be any dispute was whether Rosenberg had agreed to repay any draws in excess of commissions to Coqui in Florida. The complaint alleged that such repayments were to be made to the Tampa office, and Gramling testified that Roberts had advised him of this. However, Rosenberg denied that he was obligated to make any payments to Coqui in Florida.
Coqui asserts jurisdiction over Rosenberg on the basis of the Florida long arm statute, section 48.193(l)(g), Florida Statutes (1983), which reads:
48.193 Acts subjecting persons to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
In view of the hearsay aspect of Graml-ing’s testimony, we doubt that Coqui proved that Rosenberg agreed to repay the excess of his draws over commissions to Coqui in Florida. However, Coqui also relies on our opinion in Madax International Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977), in which we upheld in personam jurisdiction under section 48.193(l)(g) on the premise that where there is an express promise to pay and no place of payment is stipulated, the debtor must seek the creditor and the cause of action accrued where *703 the default occurred. Therefore, even though there were additional facts in Ma-dax which supported Florida jurisdiction, it would appear that Coqui has technically alleged a breach of contract in Florida sufficient to acquire jurisdiction under section 48.193(l)(g).
However, unlike Madax in which constitutional issues were not addressed, this case also involves the question of whether Rosenberg had sufficient minimum contacts with the State of Florida as to constitutionally obtain personal jurisdiction over him. But see Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982), which seems to hold that once jurisdiction over a party is satisfied under section 48.-193(l)(g), constitutional considerations are no longer relevant.
The most important factor to be considered in cases such as this is whether “the defendant’s conduct and connection with the forum ... are such that he should reasonably anticipate being haled into court there.” World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980). The circumstance must be considered from the perspective of the defendant — not from that of the plaintiff. See Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The factor of reasonable foreseeability is often used to obtain jurisdiction over a nonresident defendant if it “purposely avails itself of the privilege of conducting activities within the forum....” Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1242, 2 L.Ed.2d 1283, 1298 (1958).
We find the recent opinion in Burger King Corp. v. Macshara, 724 F.2d 1505 (11th Cir.1984), ayyeal yending sub nom., Burger King Corp. v. Rudzewicz, — U.S. -, 105 S.Ct. 77, 83 L.Ed.2d 25 (1984), to be particularly instructive. In that case Rudzewicz and Macshara, both of whom were Michigan residents, decided to acquire a Burger King restaurant franchise in Michigan. They conducted their negotiations with the Burger King district office in Michigan. However, they ultimately entered into a formal lease agreement with the Burger King Corporation which provided for the lessees to make their rental payments to Burger King’s headquarters in Miami, Florida. In return for the lease rentals, Burger King promised use of the Burger King mark, architectural advice, advertising services, financial counseling and operations consultation. The Michigan district office was administratively responsible for the services to be provided by Burger King, though Macshara attended a Burger King University management course in Florida. When the lessees fell behind in their rental payments, Burger King sued them in the Southern District of Florida for breach of contract and trademark infringement. The lessees unsuccessfully contested personal jurisdiction and, a judgment was entered against them.
On appeal the lessees conceded that their activities fell within the reach of the language of section 48.193(l)(g). Thus, the court observed that the case presented the question of whether a Florida court could constitutionally exercise jurisdiction over a nonresident by virtue of his contract with a Florida corporation obligating him to remit payments to Miami. The court first analyzed a number of cases in which constitutional objections to jurisdiction over nonresidents who had made sales in the state had been rejected. The court then said:
In contrast with their typical ease in reconciling jurisdiction over non-resident sellers, courts have encountered particular difficulties in applying Hanson’s requirement of purposeful activity to suits against non-resident buyers. In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220, 232-33 (6th Cir.1972). In part this reflects a judgment that the activity of incurring a debt with an instate seller, however purposeful, is not an activity which occurs in the seller’s state. See Lakeside Bridge & Steel Co. [v. Mountain State Const. Co., Inc.] 597 F.2d [596] at 601-04 [7th Cir.1979]. The geographical location of activities such as debt incurrence cannot provide a *704 workable basis for determining whether jurisdiction is fair in any given circumstance. ...
... We therefore agree with other jurists and commentators who have noted the unfairness of asserting jurisdiction over out-of-state customers to collect payments due on modest personal purchases. Baxter v. Mouzavires, 455 U.S. at 1006, 102 S.Ct. at 1643 [71 L.Ed.2d at 875 (1982)]; In-Flight Devices Corp., 466 F.2d at 232; Currie, supra, at 574-77. Cf. Rush v. Savchuk, 444 U.S. 320, 329, 100 S.Ct. 571, 577-78, 62 L.Ed.2d 516 (1980) (insured not expected to defend suit in every state where insurer does business)....
Our concern for adequate notice and fairness to buyers does not of course necessitate a broad rule immunizing purchasers generally from suit in the seller’s home state. Where commercial parties of comparable bargaining strength contract for performance of manufacturing or services within that state’s bounds, we have consistently held that jurisdiction comports with due process, even if negotiations occur elsewhere. Standard Fittings Co. v. Sapag, S.A., 625 F.2d 630, 644-45 (5th Cir.1980), cert. denied, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299 (1981); Gold Kist Inc. v. Baskin-Robbins Ice Cream Co., 623 F.2d 375, 382 (5th Cir.1980); Southwest Offset, Inc. v. Hudco Publishing Co., 622 F.2d 149, 152 (5th Cir.1980) (per curiam); Product Promotions, Inc. v. Cousteau, 495 F.2d 483 (5th Cir.1974). But see Lakeside Bridge & Steel v. Mountain State Construction Co., 597 F.2d 596 (7th Cir.1979), cert. denied, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980). In short, the principle of fairness which is the essence of due process must be the compass which guides our inquiry.
724 F.2d at 1510-11. In reversing the judgment for lack of personal jurisdiction, the court concluded that there was nothing in the course of negotiations that gave the lessees reason to anticipate that Burger King might sue them outside the State of Michigan and pointed out that the lessees were financially unprepared for the prospect of franchise litigation in Florida.
Rosenberg’s connection with Florida was less than that of the defendants in the Burger King case. As a practical matter, his contacts consisted of forwarding orders to the Tampa office and receiving checks and deliveries of samples from that office. Significantly, had the performance under the contract lived up to the expectations of the parties, all of the payments would have been made to Rosenberg in Massachusetts. It was only upon the fortuity that the draws exceeded the commissions that Rosenberg was required to make payments at all.
On the facts before us, we do not believe that Rosenberg could have reasonably anticipated being sued in Florida for breach of his contract with Coqui. Therefore, we reverse and remand with directions to dismiss the suit for lack of personal jurisdiction over Rosenberg.
DANAHY, J„ and BOARDMAN, EDWARD F., (Ret.) J., concur.