IMMOBLERIA BARCANONA, CIA, LTDA, a foreign corporation, and Pedro Marti, Plaintiffs,

v.

CITIBANK, N.A., Defendant.

No. 85–3073–CIV–EPS.

United States District Court, S.D. Florida.

May 1, 1986.

Timothy J. Armstrong, Armstrong & Mejer, P.A., Coral Gables, Fla., for defendant.

George T. Ramani, P.A., Miami, Fla., for plaintiffs.

AMENDED ORDER OF DISMISSAL AND MEMORANDUM OPINION [1]

SPELLMAN, District Judge.

This CAUSE came before the Court on the Defendant's motion to dismiss this ac-

---

1. This Order has a rather unusual history. On April 4, 1986, this Court issued an Order of Dismissal and Memorandum Opinion. On April 16, 1986, the Defendant filed a Motion for Entry of an Order correcting and amending this Court's Order of Dismissal and Memorandum Opinion. The Defendant alleged, as grounds for this Motion, that statements of facts were clearly erroneous. This Court reviewed the Defendant's contentions and did find that this Court's factual account contained in the Order dehors the record. This Court responded by Vacating the Order of Dismissal and Memorandum Opinion, and indicated its intention to issue an Amended Order.

This Court, however, would like to note that it has, in the past, entertained Motions by losing parties requesting a Reconsideration and insisting that corrections are warranted. This Court now faces an anomalous situation: a winner that reproaches the Court for factual and legal determinations made in the context of an Order

tion for lack of personal jurisdiction, insufficiency of process, and under the doctrine of *forum non conveniens*. This Court concludes that the action should be dismissed, without prejudice, for lack of personal jurisdiction and under the doctrine of *forum non conveniens*.

## I

## BACKGROUND

Immobleria Barcanona, CIA, LTDA (hereinafter referred to as "Barcanona") is a corporation formed and existing under the laws of Ecuador. Pedro Marti (hereinafter referred to as "Marti") is a majority stockholder of Barcanona and a citizen of Spain. Citibank, N.A. is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York. Citibank, N.A. has an office in Quito, Ecuador.

Barcanona and Marti brought the underlying cause of action for breach of contract, lost profits and promotor's commission and for lost compensation. The complaint alleges that Citibank, N.A. had contracted to finance the purchase of a parcel of land in Quito, Ecuador and for construction of an office building on the parcel. However, it is alleged that after Barcanona was incorporated by Marti and a third party, and expended significant time and money to perform their part of the contract, Citibank, N.A. failed to finance the project as promised. As supported by Citibank, N.A.'s affidavits, the following are located in Ecuador: the contracts, the land, the future office building, the plaintiffs and Citibank, N.A.'s Quito, Ecuador branch. According to the affidavits, Citibank, N.A. performed no part of the transaction in the State of Florida.

## II

### A. PERSONAL JURISDICTION

A federal district court has personal jurisdiction in a diversity case when a state court of the same forum would have jurisdiction. Amenability to jurisdiction is determined by the application of a two prong test: (1) the court must determine through application of state law whether the forum state could assert long arm jurisdiction and (2) if there is jurisdiction through the state's long arm statute, the court must determine that "the exercise of personal jurisdiction is consonant with 'traditional notions of fair play and substantial justice' and that the nonresident defendant had sufficient 'minimal contacts with the forum state so as to avoid offending the due process clause of the fourteenth amendment.' *See Pedelahore v. Astropark, Inc.*, 745 F.2d 346 (5th Cir.1984) quoting in part *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890 (11th Cir.1983). However, since this Court determines that the forum state court could not exercise long arm jurisdiction in this case, there is no need to determine the second prong of the test.

Former Fla.Stat. § 48.193 [2] subjected any person to the jurisdiction of the courts of

issued in its favor. This Court would be remiss if it did not comment on the Defendant's Motion and the language contained therein. If the Defendant's counsel's pen drips with such fervor when he wins, then he should approach with great caution his use of rhetoric in the future when his indignation must be expressed in a Petition for Rehearing or for Reconsideration, lest he receive more than he bargained for.

2. Fla.Stat. § 48.193 was amended in 1984 to provide that if a person is engaged in substantial and not isolated activity within Florida, the person is "subject to the jurisdiction of the courts of this State, *whether or not the claim*

*arises from that activity."* (emphasis added). See Fla.Stat. § 48.193(2) (1984).

This amendment has been interpreted to mean that the connexity requirement between the cause of action and the activities of the foreign corporation in Florida has been eliminated. *See American Motors Corp. v. Abrahantes*, 474 So.2d 271 (Fla. 3rd DCA 1985). The *Abrahantes* court refused to apply the amendment retroactively to causes of action that accrued prior to the effective date of the amendment (April 25, 1984). Therefore the case at bar must be decided under the prior law's requirements.

the State of Florida for any cause of action *arising from:* operating, conducting, engaging in, or carrying on a business in Florida or having an office or agency in Florida; committing a tortious act within Florida; owning, using or possessing any real property within Florida; or.... (emphasis added). "In order to invoke the aid of the long arm statute, a party must allege in his complaint all requisite jurisdictional facts which have a bearing on the applicability of said statute." *Joyce Bros. Storage & Van Company v. Piechalak,* 343 So.2d 97 (Fla. 3d DCA 1977). *See also Firestone Steel Products Company of Canada v. Snell,* 423 So.2d 979 (Fla. 3d DCA 1983) and *Hyco Manufacturing Company v. Rotex International Corp.,* 355 So.2d 471 (Fla. 3d DCA 1978).

One of the essential jurisdictional allegations in Florida is that the complaint allege a " 'connexity' between the cause of action and the defendant corporation's activities in Florida." *American Motors Corp. v. Abrahantes,* 474 So.2d 271 (Fla. 3d DCA 1985). *See Kravitz v. Gebrueder Pletscher Druckgusswaremfabrik,* 442 So.2d 985 (Fla. 3d DCA 1984) (*reh'g* granted in part and denied in part) and *Firestone Steel Products Co.,* 423 So.2d at 980. If there is no "connexity", a Florida court cannot exercise in personam jurisdiction.

■ Barcanona failed to meet Florida's long arm jurisdictional requirements. No connexity was alleged between the alleged breach of contract or tortious conduct and Citibank N.A.'s activities within the State of Florida. The affidavits submitted by Citibank, N.A. indicate that no related activity occurred in the State of Florida. Additionally, Barcanona attempts to establish minimum contacts between Citibank, N.A. and the State of Florida by merely alleging customer recruitment and solicitation of business by Citibank, N.A. in Florida. These allegations are insufficient to meet Florida's in personam jurisdictional requirements and therefore the complaint must be dismissed for lack of personal jurisdiction. In addition, since this court finds it lacks personal jurisdiction, it elects not to discuss the sufficiency of process question at this time.

## B. DOCTRINE OF FORUM NON CONVENIENS

This court may also dismiss Barcanona's complaint under the doctrine of *forum non conveniens.* In *Birdwell v. Royal Caribbean Cruise,* case no. 85–0819–CIV–EPS [Available on WESTLAW, DCTU database], this court ordered a transfer of a case to Puerto Rico under the authority of 28 U.S.C. ss. 1404(a) and the doctrine of *forum non conveniens.* Although ss. 1404(a) is inapplicable to a dismissal on the grounds of *forum non conveniens,* much of the reasoning of the two situations is similar.

The issue before this court is whether the convenience of the parties and the witnesses, and the interests of justice are best served by the dismissal of this action without prejudice. "Under the doctrine of *forum non conveniens* the court has inherent power to decline to exercise jurisdiction over a case when an adequate, alternative forum is available." *La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983).

In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the United States Supreme Court considered the doctrine of *forum non conveniens.* The Court enumerated two spheres of consideration: the private interest of the litigants and the public interest. With respect to the former, the Court stated:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. *Gulf Oil Corp., supra* at 508, 67 S.Ct. at 843.

■ In this case, the State of Florida's only connection with this action is that Barcanona and Marti's attorney resides in Florida and that there is one witness that is living somewhere in southern Florida. Significantly, the affidavit filed in support of Citibank, N.A.'s motion to dismiss, lists twenty witnesses that will be involved in this litigation that reside either in Quito, Ecuador or other areas outside Florida. In addition, Citibank, N.A.'s affidavit states that all the files and documents connected with the allegations are located in Quito, Ecuador.

The above facts are applicable if New York is considered an alternative forum as Barcanona and Marti argue. Although Citibank, N.A.'s state of incorporation and principal place of business is located in New York, New York has no connection with the Ecuadorean transaction. Barcanona and Marti have not submitted affidavits to substantiate the basis for New York or Florida as the appropriate forum. New York is even more distant than Florida from Ecuador. Without a factual justification for a transfer to New York, Citibank, N.A.'s affidavits indicate Ecuador is the appropriate forum.

However, a court, in determining which forum is more convenient for the witnesses must look at the quality and not the quantity of the witnesses who will be inconvenienced. Citibank, N.A. has provided precise information in affidavit form and there is no indication that the named witnesses will be anything but useful in this cause. It is clear that permitting this case to remain in the Southern District of Florida or transferring it to the State of New York would only increase expenses in connection with the suit and force substantial travel to be undertaken in pursuance of discovery, investigation and trial.

In *Gulf Oil Corp.*, the United States Supreme Court describes a second sphere of interest in applying the doctrine of *forum non conveniens* as follows:

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by reports only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. *Gulf Oil Corp.*, *supra* at 508, 67 S.Ct. at 843.

In the instant case, numerous factors of public interest militate in favor of dismissing this case without prejudice so Barcanona and Marti may refile it in Ecuador. A cause of action arising out of a contract negotiated and executed in Quito, Ecuador and involving property located in Ecuador is absolutely a matter of local interest. It is the people of the Ecuadorean community who have the most relation to this litigation. On the other hand, Florida and New York, which have no connection to the transaction, have no interest in this litigation's outcome.

Citibank, N.A. produced an affidavit prepared by an Ecuadorean attorney stating that there is a forum available in Ecuador and that Ecuadorean law would govern this case. The affidavit states that the remedy of damages is available in an Ecuadorean court and that no statute of limitations will preclude the filing of this action within a reasonable time. The affidavit further details why Ecuador is the appropriate forum.

Taking into consideration all of the factors relevant to the private interests of the litigants and the public interest of the community, the Court dismisses this action, without prejudice, under the doctrine of *forum non conveniens*. Citibank, N.A.'s

motion to dismiss under *forum non conveniens* is granted.

### III

### CONCLUSION

This Court hereby dismisses Barcanona and Marti's complaint, without prejudice to refile in the appropriate forum, for lack of personal jurisdiction and under the doctrine of *forum non conveniens*.