493 So.2d 1137 (1986)
R. Botto ROSSA, Appellant,
v.
Emanuel SILLS, As Personal Representative of the Estate of Rose Sills, Appellee.
No. 4-86-0987.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
John C. Taylor and Roy D. Wasson of Kimbrell & Hamann, P.A., Miami, for appellant.
Linda R. Pratt of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellee.
STONE, Judge.
The defendant appeals an order denying his motion to dismiss for lack of personal jurisdiction.
The complaint alleges that Rose Sills was a cruise line passenger, who after a slip and fall on board, was initially treated on the day of the accident by the appellantship's doctor. The following day the ship entered Florida waters. Mrs. Sills was assisted ashore and died a month later. The cruise line regularly operates out of Port Everglades.
*1138 Section 48.193(1)(f)1, Florida Statutes (1985), subjects persons to jurisdiction in Florida who cause injury within this State arising out of acts or omissions committed outside of Florida, if the defendant was engaged in solicitation or service activities within the State.
The appellant, a foreign national who is not licensed to practice medicine in the United States, argues that no physician-patient relationship existed in Florida. There is a factual dispute whether his care of the defendant terminated immediately following his treatment of her, or whether it continued into this State. But, regardless of which factual account prevails, the defendant's conduct was such that he should and could have reasonably foreseen being subjected to potential liability in Florida. See Rosenberg v. Coqui, Inc., 464 So.2d 701 (Fla. 2d DCA 1985). See also Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
We find DiBonaventure v. Home Lines, Inc., 536 F. Supp. 100 (E.D.Pa. 1982), relied on by appellant, to be distinguishable. In that case a ship's doctor was not subjected to jurisdiction in Pennsylvania. However, here, the ship not only entered Florida waters, it docked here on the day following the accident and was operated by a line with at least a ten year history of sailing out of Florida ports. Further, the statute relied on in the Pennsylvania case was not similar to the provision relied on by appellee in this case. Likewise, Schwilm v. Holbrook, 661 F.2d 12 (3d Cir.1981), is distinguishable as there the issue was one of determining the convenient forum. Here, there is no more appropriate forum.