545 So.2d 508 (1989)
GAINES MOTOR LINES, INC., Appellant,
v.
Channdra SCOTT, the Firestone Tire & Rubber Company, et al., Appellees.
No. 88-1520.
District Court of Appeal of Florida, Third District.
July 5, 1989.
*509 Wolpe & Leibowitz, Steven R. Berger, Miami, for appellant.
Gerald Piken, P.A., North Miami, and Larry Jay Safron, for appellee Scott.
Burke, Bosselman & Weaver and Colin Smith, Chicago, Ill., and William J. Turbeville, II, Boca Raton, for appellee Firestone.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Gaines Motor Lines appeals from an order denying its motion to quash service of process and to dismiss on the grounds of lack of in personam jurisdiction. We affirm.
Channdra Scott was injured when the car in which she was riding was struck by a tire and wheel assembly which had broken off a passing truck. The truck driver left the scene of the accident in his truck; neither the truck nor its owner has been identified. Scott sued Firestone, which manufactured the wheel assembly, and Gaines Motor Lines (GML), a North Carolina corporation, which Scott alleged was the "operator" of the truck. GML's logo was embossed on the tire which struck Scott's car. Scott's complaint alleged that GML had "significant contacts with the State of Florida," had "operated some type of truck in Dade County, Florida," and had negligently maintained its truck, causing the tire and rim assembly to separate from the axle hub. Firestone answered and crossclaimed against GML and alleged that GML's negligence was the proximate cause of Scott's injuries. GML moved to quash service of process and dismiss Scott's complaint on the grounds that Scott had failed to allege sufficient facts to establish jurisdiction under the long-arm statute, section 48.193(1)(f)(2), Florida Statutes (1987). GML filed affidavits asserting that it did not conduct any business in Florida, did not maintain or operate any motor vehicles in Florida, and had never owned a truck fitting the description of the one involved in the accident. GML's affidavit further stated that tires of the type which struck Scott's car had been stolen from GML before the accident.
Scott alleged sufficient facts in her complaint to meet the pleading requirements of section 48.193. See Wynn v. Aetna Life Ins. Co., 400 So.2d 144 (Fla. 1st DCA 1981) (party seeking to exercise long-arm jurisdiction must allege sufficient jurisdictional facts to show that conduct alleged falls within actual language of long-arm statute). Whether the facts which Scott alleged are true and whether GML therefore had sufficient minimum contacts with Florida to satisfy basic due process requirements cannot be determined with any certainty until the parties have had a reasonable opportunity to conduct discovery.
We affirm the trial court's order denying GML's motion to quash service of process and to dismiss for lack of personal jurisdiction and remand this cause to the trial court so that discovery may commence on the issue of jurisdiction. This affirmance is without prejudice to GML's right to renew its motion to dismiss if, after reasonable opportunity to conduct discovery, Scott is unable to establish that GML indeed had sufficient minimum contacts with Florida to subject it to the jurisdiction of a Florida court. See Avila v. Pacindat Mutual Protection & Indem. Ass'n, 528 So.2d 510 (Fla. 3d DCA 1988) (plaintiff entitled to reasonable opportunity to conduct discovery on jurisdictional issue and amend pleading, if necessary).
*510 AFFIRMED; remanded for further proceedings consistent with the views expressed herein.