**NEW YORK MARINE MANAGERS, INC., et al., Plaintiffs,**

v.

**MAITLAND BROS. CO., Defendants.**

**No. 90–10055–CIV–KING.**

United States District Court, S.D. Florida.

Sept. 20, 1990.

96

Joseph S. Kashi, Fort Lauderdale, Fla., for plaintiffs.

Edward J. McCormick, III, Norfolk, Mass., for defendants.

ORDER GRANTING MOTION
TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

On October 26, 1989, a cargo vessel owned by defendant ran aground on a coral reef in the Key Largo Marine Sanctuary, off the coast of Key Largo, Florida. The vessel was en route from Gloucester, Massachusetts to Mobile, Alabama. As a result of the damage the vessel sustained, defendant submitted to the plaintiffs a claim in the amount of $191,355.22, pursuant to an existing insurance policy. Plaintiffs seek a declaratory judgment that coverage under the policy does not exist due to several reasons, foremost of which is the want of due diligence on the part of defendant.

Before the court is defendant's motion to dismiss the complaint, based upon lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and forum non conveniens. The court finds the argument regarding in personam jurisdiction to be dispositive of the issue.

Defendant argues that in personam jurisdiction is lacking under Florida's applicable long arm statute and under the "minimum contacts" standard of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Fla.Stat. § 48.193, Florida's applicable long arm statute, asserts that a citizen or resident of another state submits himself to the jurisdiction of the courts of Florida if a cause of action arises from:

  (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

  (b) Committing a tortious act within this state.

  (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

■ Defendant urges that it does not fall within any of these categories. Defendant, incorporated in Pennsylvania and having its principal place of business in Pennsylvania, first argues that the instant cause of action did not arise from defendant in any way carrying on a business venture in Florida. Plaintiffs, on the other hand, argue that navigating defendant's vessel through Florida waters on a business trip constitutes carrying on a business venture in Florida. Plaintiffs support their position by citing *Gaines Motor Lines, Inc. v. Scott,* 545 So.2d 508 (Fla. 3d DCA 1989). In *Gaines,* the plaintiff was injured when the wheel assembly from a passing truck struck plaintiff's car. A North Carolina corporation was the operator of the truck. The court stated that plaintiff alleged sufficient facts in her complaint to meet the pleading requirements of § 48.193, but only to justify having discovery on the issue of personal jurisdiction.

*Gaines* fails to support plaintiffs' argument. First, operating a truck in Dade County, Florida can be much more easily considered doing business in Florida than navigating around Florida in order to get from Massachusetts to Alabama. Defendant was forced to plot a course that took the vessel around the State of Florida and included brief stays in Florida ports. Defendant truck company in *Gaines* would presumably be in Florida's southernmost region on business. Next, the issue in *Gaines* centered on § 48.193(1)(f)(2), rather than § 48.193(1)(a)'s "business venture" provision. Section 48.193(1)(f)(2) provides that Florida courts have jurisdiction if, at the time of injury, "[p]roducts, materials, or things possessed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." Plaintiffs mention in passing that this provision is another basis for sustaining jurisdiction in this case. The court disagrees with plaintiffs' assertion and holds that defendant's vessel navigating through Florida's waters does not constitute carrying on a business venture in Florida.

■ Defendant next argues that neither § 48.193(1)(b) nor § 48.193(1)(g) of the long arm statute is satisfied, because there is no connexity between defendant's alleged breach of contract or tortious conduct and defendant's activities in Florida. Though the grounding occurred in Florida, defendant argues this tortious act is not the subject matter of the instant action. Rather the interpretation of a contract executed in Pennsylvania between parties foreign to Florida is at issue in this case. Plaintiffs argue, on the other hand, that the coverage and the duty to defend are inextricably interwoven with the grounding and the reason for its occurrence, and thus §§ 48.-193(1)(b), (g) are satisfied.

In *Immobleria Barcanona CIA, LTDA v. Citibank,* 634 F.Supp. 782 (S.D.Fla.1986), an Ecuadorian corporation brought a breach of contract and tort action against a New York corporation. The parties had entered into a finance contract for the con-

struction of an office building in Ecuador. The defendant performed no part of the transaction in Florida, but the plaintiff sought to establish the minimum contacts between the defendant and Florida by alleging customer recruitment and solicitation of business by Citibank in Florida.

The *Citibank* court stated, "One of the essential jurisdictional allegations in Florida is that the complaint allege a connexity between the cause of action and the defendant corporation's activities in Florida." *Citibank*, 634 F.Supp. at 784. The *Citibank* court found no connexity between the alleged breach of contract or tortious conduct and the defendant's activities within Florida. Similarly, in the instant case the court finds no connexity between defendant's activities in Florida and the alleged breach of contract or tortious conduct that would justify the court's exercise of jurisdiction under the long arm statute.

The instant declaratory judgment action seeks the personal jurisdiction over the defendant so as to enable the court to interpret a contract executed at the defendant's principal place of business in Pennsylvania, with several New York corporations. Prior to the grounding of the vessel, defendant had practically nothing to do with the State of Florida.

■ Plaintiff argues that because § 48.193(2) is satisfied, the connexity issue need not even be addressed. This section provides for long arm jurisdiction when:

A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise ... whether or not the claim arises from that activity.

Plaintiff argues that defendants have satisfied this "substantial activity" provision by submitting bids for the performance of government contracts to the Department of the Army, Jacksonville District, Corps of Engineers. Plaintiffs have submitted documents they hope will support their position.

After a review of these documents, however, the court does not find any substantial activity to justify long arm jurisdiction.

The defendant dealt with a regional office of the Department of the Army in Jacksonville, Florida, for federal government contracts to construct various projects in San Juan, Puerto Rico and St. Thomas, Virgin Islands. The documents state that the contract will be administered by the Department of the Army, Jacksonville District located in San Juan, and payment will be made by U.S. Army Engineer District, Mobile, Alabama. The contracts' nexus with Florida is not strong enough to satisfy § 48.193.

■ Defendant also argues that the court lacks in personam jurisdiction under the "minimum contacts" standard of *International Shoe, supra.* The standard requires that the out of state defendant "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. at 158; *Citibank*, 634 F.Supp. at 783.

The court cannot find the requisite minimum contacts which would justify this court's exercise of in personam jurisdiction. Defendant is a general contractor incorporated and having its principal place of business in Pennsylvania. Defendant has never undertaken to perform a project in Florida. The minute, incidental contact defendant has had with Florida does not justify the court's exercise of in personam jurisdiction in this case. This is an action for declaratory judgment that coverage under the insurance policy does not exist due to the "want of due diligence by the Assured, the Owners, or Managers of the vessel, or any of them." The grounding is not the subject matter of the instant action. The court finds that forcing the Pennsylvania defendant to litigate this contract dispute before this court would not be fair to the defendant. For the foregoing reasons, the court

ORDERS and ADJUDGES that defendants' motion to dismiss is GRANTED for lack of in personam jurisdiction.