THOMPSON, Judge.
Cristiano Athanassiadis appeals a nonfinal order denying his motion to dismiss for lack *331 of personal jurisdiction and forum non conve-niens. We have jurisdiction.[1]
While vacationing in Florida in August 1990, Athanassiadis, a resident of Italy, was involved in an automobile accident. The other driver suffered physical injuries in the collision. At the time, Athanassiadis was driving an automobile he rented from National Car Rental Systems, Inc. (“NCR”). The rental agreement provided that Athanas-siadis would indemnify NCR “against all loss, liability and expense in excess of the limits of liability, as indicated in this Agreement, as a result of bodily injury, death or property damage caused by, or arising out of the use or operation of the Vehicle.” The injured driver filed suit against NCR, and, in July 1992 NCR settled the claim for $80,000. Pri- or to settling the claim, NCR notified Atha-nassiadis of the claim and the possibility that it would exceed the liability coverage provided by the rental agreement.
On 31 October 1995, NCR filed a complaint against Athanassiadis alleging breach of contract for failing to indemnify the company. The complaint states: “This Court has jurisdiction over Defendant due to Defendant having committed a tortious act within the State of Florida....” The complaint and summons were served on Athanassiadis in Italy. Athanassiadis moved to dismiss the complaint for lack of personal jurisdiction and, in the alternative, forum non conveniens. He filed a supporting affidavit stating that he has no ties to or economic interests in Florida and that the events alleged in the complaint occurred during his first and only visit to the state. The affidavit further states that defending the suit in Florida would be “extremely burdensome financially....” The trial court denied the motion, finding that the complaint sufficiently pled jurisdiction under Florida’s long-arm statute and that Athanas-siadis has sufficient minimum contacts with Florida to justify personal jurisdiction. The court also dismissed without prejudice the challenge based on forum non conveniens. We affirm.
' In determining whether it can exercise personal jurisdiction over a nonresident defendant, a trial court must determine (1) whether the complaint contains sufficient jurisdictional facts to satisfy section 48.193, Florida Statutes, the long-arm statute, and (2) whether the defendant has sufficient minimum contacts with the forum state to satisfy due process. Doe v. Thompson, 620 So.2d 1004 (Fla.1993); Quality Christmas Trees Co., Inc. v. Florico Foliage, Inc., 689 So.2d 1222 (Fla. 5th DCA 1997). Section 48.193 provides, in pertinent part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
[[Image here]]
(b) Committing a tortious act within this state.
§ 48.193(l)(b), Fla. Stat. (1995). NCR’s complaint alleges that Athanassiadis was involved in an automobile collision in Florida while driving one of its rental cars, and that his negligence caused the other driver’s physical injuries. These allegations satisfy subsection (l)(b). Athanassiadis argues that strictly read, section 48.193 does not permit long-arm jurisdiction in this instance because NCR’s action arises from an alleged breach of contract and not a tort. See Pluess-Staufer Industries, Inc. v. Rollason Engineering and Mfg., Inc., 635 So.2d 1070, 1072 (Fla. 5th DCA 1994) (“Long-arm statutes are to be strictly construed.”); Am Sampling, Inc. v. White Laboratories, Inc., 564 So.2d 590, 592 (Fla. 5th DCA 1990) (“In order to guarantee compliance with due process requirements, the statutory jurisdictional provision at issue must be strictly construed.”). However, the statute permits long-arm jurisdiction in “any cause of action arising from” a tort committed in Florida. (Emphasis add-' ed.) Under the facts of this case, there would be no claim for indemnification, but for Athanassiadis’ alleged negligence and the resulting physical injuries. Therefore, strictly *332 reading the statutory language, NCR’s indemnification action does arise from a tort committed in Florida.
Although long-arm jurisdiction is proper under section 48.193, a nonresident defendant must also have sufficient minimum contacts with the state to satisfy the constitutional requirements for personal jurisdiction. The test is “whether the defendant’s conduct in connection with the forum state is ‘such that he should reasonably anticipate being haled into court there.’” Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500 (Fla.1989) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)); see Vacation Ventures, Inc. v. Holiday Promotions, Inc., 687 So.2d 286 (Fla. 5th DCA 1997). Sufficient minimum contacts do not exist if maintaining the suit in the forum state would offend “ ‘traditional notions of fair play and substantial justice.’ ” Quality Christmas Trees Co., Inc., 689 So.2d at 1223 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)).
In the instant case, Athanassiadis purposefully entered into the rental agreement which enabled him to rent a car and travel within the state. He agreed to indemnify NCR if his use of the rental car resulted in bodily injury or property damage. He was then involved in an auto accident in which, NCR alleges, he negligently caused injury to the other driver. Had Athanassiad-is been sued by the injured driver, the “minimum contacts” test would be satisfied. Venetian Salami Co. If Athanassiadis could reasonably anticipate being haled into a Florida court in that instance, the same may be said of this indemnification action, which arose from the same set of circumstances. We find that maintaining this action in Florida does not offend “traditional notions of fair play and substantial justice.”
Finally, Athanassiadis argues that even if the trial court properly exercised personal jurisdiction over him, it should have dismissed the case under the doctrine of forum non conveniens. We find no abuse of discretion in the court’s denial of the motion to dismiss on that basis. See Kinney System Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).
AFFIRMED.
PETERSON, J., concurs.
HARRIS, J., concurs in result only.

. See Fla. R.App. P. 9.130(a)(3)(C)(i).