750 So.2d 736 (2000)
Annika Maria ELMLUND as Personal Representative of the Estate of Lennart Elmlund, deceased and on Behalf of surviving children, Anna Malin Elmlund, Vicktoria Maria Elmlund, and Gustav Fredrik Elmlund, Appellant,
v.
Dr. Mark Stephen MOTTERSHEAD, Carnival Corporation d/b/a Carnival Cruise Lines, Appellees.
No. 3D99-1251.
District Court of Appeal of Florida, Third District.
February 2, 2000.
*737 Grossman & Roth; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Perwin, Miami, for appellant.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford and Shelley H. Leinicke, Ft. Lauderdale, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
Lennhart Elmlund died while a passenger on a Carnival cruise liner operating out of Miami, allegedly as a result of maltreatment by the ship's physician, Dr. Mark Steven Mottershead. Elmlund's survivors sued Carnival and Dr. Mottershead, an English citizen licenced to practice only in the United Kingdom, in the Dade County Circuit Court. In the order now under review, the trial court dismissed the action as against Dr. Mottershead on the ground that there was no basis for the Florida long arm jurisdiction attempted upon him.[1] We agree and affirm.
To make a long story short enough for these purposes, of the two possible statutory bases for substituted service on the appellee, section 48.193(1)(a), Florida Statutes (1999), requires doing "business ... in this state," and "connexity" between that business and the asserted cause of action, while section 48.193(2), in lieu of connexity, requires a substantially heightened degree of Florida activity. See Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087 (Fla. 3d DCA 1988). Because (a) there is no connexity under section 48.193(1)(a) between the present claim, which arose during the doctor's discrete, non-Florida activities on the high seas, and whatever he did in Florida,[2] and (b) his incidental, almost entirely personal contacts with this state between voyages come nowhere close to the "substantial and nonisolated activit[ies] within this state" required by section 48.193(2),[3] see American Overseas Marine Corp. v. Patterson, 632 So.2d 1124 (Fla. 1st DCA 1994); Spanier v. Suisse-Outremer Reederei A.G., 557 So.2d 83 (Fla. 3d DCA 1990); Ranger Nationwide, Inc., 519 So.2d at 1087, it is clear that neither statute applies to the present circumstances. See also New York Marine Managers, Inc. v. Maitland Bros. Co., 746 F.Supp. 95 (S.D.Fla. 1990); Pollard v. Steel Systems Constr. Co., Inc., 581 F.Supp. 1551 (S.D.Fla. 1984); Milberg Factors, Inc. v. Greenbaum, 585 So.2d 1089 (Fla. 3d DCA 1991).
Affirmed.
NOTES
[1] The case against Carnival remains pending below.
[2] In light of these determinations, it is unnecessary directly to pass upon the very problematic issues of whether his activities constituted even doing business under section 48.193(1)(a) or satisfied the minimum contacts requirement of the constitution.
[3] Id.