823 So.2d 302 (2002)
K. RANA, M.D., Appellant,
v.
Marion FLYNN, Appellee.
No. 3D02-216.
District Court of Appeal of Florida, Third District.
August 14, 2002.
*303 Kaye, Rose & Maltzman and Jeffrey B. Maltzman, Miami, and Darren W. Friedman, for appellant.
Downs and Associates and Lee Friedland and Peggy Urbaneja, for appellee.
Before JORGENSON, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Kamlesh Rana, M.D., appeals an order denying his motion to dismiss for lack of personal jurisdiction. We affirm.
Dr. Rana was the physician aboard Carnival Cruise Line's Imagination. Marion Flynn, a passenger, experienced a heart attack. Flynn was attended by Dr. Rana, and staff, as the ship sailed into Florida waters, docked at the Port of Miami, and transport to a local hospital was arranged. Flynn filed a medical malpractice complaint against, inter alia, Dr. Rana, asserting that his care was inadequate. Dr. Rana filed a motion to dismiss for lack of personal jurisdiction. The court denied the motion.
Based on Athanassiadis v. National Car Rental Sys., 699 So.2d 330 (Fla. 5th DCA 1997), and Rossa v. Sills, 493 So.2d 1137 (Fla. 4th DCA 1986), the court properly determined, on this record, that personal jurisdiction under the long-arm statute was proper over a defendant who allegedly commits a tort within this state. § 48.193(1)(b), Fla. Stat. (2002).
Contrary to Rana's argument, Elmlund v. Mottershead, 750 So.2d 736 (Fla. 3d DCA 2000), is factually distinguishable and does not mandate reversal. The Elmlund court concluded that there was no long-arm jurisdiction over a cruise ship's physician who ministered to a patient who died while on the high seas. In Elmlund, the defendant-physician never rendered treatment to the deceased in Florida, or Florida waters. The only bases for jurisdiction asserted in Elmlund were under sections 48.193(1)(a), and 48.193(2), Florida Statutes. The Elmlund, court appropriately concluded that these sections did not provide bases for jurisdiction: there was no connexity between the activities causing the death at sea and the physician's activity in Florida, § 48.193(a)(1); and the physician's personal contacts in the state were insufficient to justify jurisdiction, § 48.193(2). Cf. Rossa (personal jurisdiction proper over defendant-physician who renders treatment to patient as ship sails into Florida waters, and docks at Port Everglades).
Rana, however, ministered to Flynn's condition in Florida waters and while in the Port of Miami awaiting transportation to a Miami hospital.[1] These facts, are sufficient to establish that the physician-defendant committed a tort within the state satisfying jurisdiction under the long-arm statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
*304 In addition, the multiplicity of contacts set forth in the complaint satisfy the minimum contacts requirements. Venetian Salami; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The defendant's conduct was such that he could reasonably anticipate being haled into court in Florida. Rossa. Hence, the exercise of jurisdiction is justified and affirmance is required.
Affirmed.
NOTES
[1] Dr. Rana asserted in support of his motion to dismiss that he did not minister to Flynn at any point when the ship was in Florida waters, leaving the nursing staff to care for him. This was contradicted by his testimony that he is in charge of patients onboard until they are released to local hospitals. Thus, Dr. Rana's motion to dismiss failed to overcome the legal sufficiency of Flynn's jurisdictional allegations. Elmex Corp. v. Atlantic Fed. Sav. & Loan Assoc., 325 So.2d 58 (Fla. 4th DCA 1976).