852 So.2d 379 (2003)
Andras POTA, etc., et al., Appellants,
v.
Kenneth HOLTZ, M.D., Appellee.
No. 3D02-1095.
District Court of Appeal of Florida, Third District.
August 20, 2003.
*380 Ginsberg & Schwartz, Arnold R. Ginsberg, Miami, and John W. Fowler, for appellants.
Houck, Hamilton & Anderson, and Gregory A. Reed, for appellee.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.
RAMIREZ, J.
Andras Pota, as personal representative for the estate of his infant son Barnabas Pota, appeals a non-final order granting Kenneth Holtz, M.D.'s motion to dismiss for lack of personal jurisdiction. We reverse because we conclude that Dr. Holtz was personally served with process in Miami-Dade County when the suit papers were delivered to his attorney on board a vessel docked at the Port of Miami.
Andras Pota and his wife Marianne are residents of Hungary, who purchased and sailed on a cruise from Miami aboard Royal Caribbean's "Voyager of the Seas." Marianne was then twenty-six weeks pregnant. Four days into the cruise, Marianne began complaining of stomach cramps. The ship's doctor, Dr. Holtz, took blood and urine samples. He diagnosed a bladder infection and prescribed an antibiotic. That evening, Marianne began having contractions and started to bleed. Dr. Holtz performed a gynecological examination and determined that the cervix was closed. Royal Caribbean denied the Potas' request to be airlifted to Grand Cayman Island, the nearest hospital. Dr. Holtz told them that everything would be all right and that Marianne could go to a medical facility in Cozumel when the ship docked there.
In the early morning hours of the next day, Marianne's water broke and she began giving birth. During the birthing process, the ship docked in Cozumel and Marianne was taken by ambulance to a clinic. Barnabas Pota was born alive, but died a few hours later.
The Potas, individually and as personal representative of Barnabas' estate, filed suit against Royal Caribbean and Dr. Holtz for wrongful death, medical malpractice, personal injury, negligent and intentional infliction of emotional distress.[1] Several attempts to serve Dr. Holtz were unsuccessful. Royal Caribbean's counsel agreed to facilitate service on Dr. Holtz so that personal service could be had.[2]
On an agreed date, the process server met Royal Caribbean's counsel at the gangway to the "Explorer of the Seas," the ship on which Dr. Holtz was then working, while it was docked at the Port of Miami. Attorney Hamilton was also present and stated that he was now Dr. Holtz's attorney and authorized to accept service on Dr. Holtz's behalf, but would only accept service on board the ship. Attorney Hamilton acknowledged that he was authorized to accept service of process on behalf of Dr. Holtz and he was served pursuant to that authority. Counsel, however, noted on the summons that Dr. Holtz did not *381 waive objections to service of process, sufficiency of service, or personal jurisdiction.
Concerned that service would later be challenged, Pota requested a ruling from the trial court. The trial court held that proper service had been effectuated and ordered that no challenge to service would be entertained. The trial court vacated its order a month later, pending a ruling on Dr. Holtz's motion to dismiss for lack of personal jurisdiction.
After hearing Dr. Holtz's motion to dismiss, the trial court expressed its displeasure with defense counsel, stating that they had acted in bad faith by previously assuring the court that there would be no problem with service. Dr. Holtz's counsel stated that his client had been personally served, but that no personal jurisdiction existed because the Potas had not fulfilled Florida's long-arm statute requirements. Defense counsel withdrew its motion to dismiss for lack of personal service and to quash service of process. The trial court reluctantly granted Dr. Holtz's motion to dismiss, basing its order on Elmlund v. Mottershead, 750 So.2d 736 (Fla. 3d DCA 2000). We cannot agree that the Elmlund case controls because that case involved substituted service and we conclude that Dr. Holtz was personally served. We thus reverse the order dismissing this case.
Personal service is sufficient to confer personal jurisdiction. See Campo v. Tafur, 704 So.2d 730 (Fla. 4th DCA 1998). As stated in Keveloh v. Carter, 699 So.2d 285, 288 (Fla. 5th DCA 1997), the general rule is that "Florida courts have personal jurisdiction over nonresidents when that nonresident is properly served with service of process while voluntarily present in the state," citing to Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); and Garrett v. Garrett, 668 So.2d 991, 994 (Fla. 1996) (Wells, J. concurring). Dr. Holtz authorized his attorney to accept personal service and his attorney acknowledged that Dr. Holtz had been personally served. Counsel could not accept personal service and in the same breath challenge that very service. The failure to comply with Florida's long-arm statute requirements for substituted service is therefore irrelevant.
Dr. Holtz withdrew his motion to quash service of process in the trial court without discussion and thereby waived any argument on that issue. Regardless, Dr. Holtz now argues that because the ship where service was had is registered in Liberia, process must be effectuated according to Liberian law and cites to Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) for the proposition that the law of the flag supersedes territorial jurisdiction. Lauritzen dealt with a Danish seaman suing his ship's Danish owner for a tort committed in Cuban waters. The Supreme Court held that a state was not debarred from governing the conduct of its own citizens, even in foreign countries, when the rights of other nations and their nationals are not thereby infringed. Id. at 587, 73 S.Ct. 921. In this case, Liberia could impose Liberian law on its citizens aboard a Liberian vessel, even if the vessel is within the jurisdiction of another country. However, that does not preclude Florida from asserting jurisdiction over persons on board a foreign vessel; vessels subject themselves to the law which governs the ports they visit. United States v. Marino-Garcia, 679 F.2d 1373, 1380 n. 11 (11th Cir.1982). The motion to quash service of process for failure to follow Liberian law would have been properly dismissed.
Dr. Holtz argues on this appeal that he was not served within the trial court's jurisdiction, i.e., Florida, because service took place aboard a foreign-flagged *382 vessel. Dr. Holtz would have us impart the sovereignty of a foreign embassy to a foreign vessel docked in Miami. We reject this argument. A Liberian vessel moored at a dock in the City of Miami is within the State of Florida, not Liberia. In Benson v. Norwegian Cruise Line Ltd., 834 So.2d 915 (Fla. 3d DCA 2003), we held that medical malpractice aboard a cruise ship registered in a foreign country, but 11.7 nautical miles east of the Florida shore when the malpractice occurred, was within Florida's territorial waters. If a ship eleven miles off shore is within Florida, one docked at the Port of Miami surely is. Thus, because "Explorer of the Seas" was in Florida, the process server could have boarded that ship and served Dr. Holtz personally. Instead, by agreement of counsel, service was effected on Dr. Holtz's attorney.
We therefore hold that personal jurisdiction over Dr. Holtz was attained through personal service and that the service was proper.
Reversed.
NOTES
[1] The suit was filed in Miami-Dade County according to the forum selection clause on the passenger ticket.
[2] Royal Caribbean was obligated to defend Dr. Holtz pursuant to the terms of his employment contract.