KLEIN, J.
This is a non-final appeal from an order denying Mr. Durkee’s motion to dismiss asserting insufficient service of process and lack of personal jurisdiction. He argues that, because he is a Texas resident, and his activities in Florida do not satisfy due process or the Florida long arm statute, his motion to dismiss should have been granted. He was, however, personally served while he was present in Florida, which makes his argument involving the long arm statute and due process irrelevant. We affirm.
Although the facts of Durkee’s residency are in dispute we shall assume, for purposes of addressing the issues he raises, that he is a Texas resident. In 2003, when Durkee and the appellee were residents of Texas, they were divorced, and Durkee was given custody of their three year old child, with the appellee having visitation. When Durkee’s job brought him to Florida in August 2003, he filed an affidavit in Texas stating that he and the child had moved to Florida, and he asked the Texas court to transfer the case to Florida. He stated that the mother was also currently living in Florida. While in Florida, Dur-kee filed another motion in the Texas court on February 3, 2004, stating that he would soon be moving back to Texas.
On February 4, 2004, appellee filed a complaint in Florida to domesticate the Texas divorce judgment in order to seek modification of the judgment. Several days later she filed the complaint in this case, which was on a $250,000 promissory note signed by Durkee in 1998, while they were married. Durkee, after being personally served with process in Florida, asserted that he was not amenable to service of process in Florida because he was a *1177 resident of Texas. The trial court denied his motion to dismiss on the ground that his earlier representations in Texas that he was moving to Florida estopped him from now taking the inconsistent position that he was not a Florida resident. The court did not address the other jurisdictional issues raised by Durkee.
Durkee erroneously assumes that if he is a legal resident of Texas, the only way he can be served is under Florida’s long arm statute, section 48.193. As we noted earlier, however, Durkee was personally served while he was in Florida, not under the long arm statute. As Justice Wells explained in his concurring opinion in Garrett v. Garrett, 668 So.2d 991, 994-95 (Fla.1996):
While I concur with the majority opinion, I write separately to point out what I believe to be confusion, not limited to this case, in respect to Florida courts having personal jurisdiction and Florida courts obtaining personal jurisdiction over a nonresident defendant by service of process pursuant to the “long arm statute.” Florida courts have personal jurisdiction over a nonresident defendant when that nonresident defendant is properly served with service of process while that nonresident defendant is voluntarily present in Florida. See Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (finding jurisdiction appropriate over a nonresident defendant who was served with a divorce petition while on a business trip to the forum state); New York v. O’Neill, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959) (finding that Florida courts had immediate personal jurisdiction over a nonresident by virtue of his presence within the state); Pennoyer v. Neff, 95 (5 Otto) U.S. 714, 24 L.Ed. 565 (1877). Thus, had Mr. Garrett been served with process while in Florida, he would have been subject to our court’s jurisdiction. See Burnham.
In Burnham, cited by Justice Wells in his concurring opinion, the United States Supreme Court held that a state has personal jurisdiction over a nonresident, who is personally served with process in the state, even if the suit is unrelated to his activities in the state. The Burnham Court traced this principle to its English roots and commented that it was among the most firmly established principles of personal jurisdiction in this country. The Court cited numerous state court decisions which have so held, including Hagen v. Viney, 124 Fla. 747, 169 So. 391 (1936) (if plaintiff serves defendant with process in Florida, Florida court has jurisdiction even though neither party is a resident of Florida). Keveloh v. Carter, 699 So.2d 285 (Fla. 5th DCA 1997) (Florida court has personal jurisdiction over nonresident who is personally served while voluntarily in Florida); Pota v. Holtz, 852 So.2d 379 (Fla. 3rd DCA 2003) (same).
Durkee responds that a nonresident who voluntarily comes into a jurisdiction solely to attend court as a witness or party is generally immune from service of process. Lienard v. DeWitt, 153 So.2d 302 (Fla. 1963), and § 61.510, which provides immunity in certain family law proceedings. Durkee, however, was not in Florida solely to attend a court proceeding. He was served while he was living and working in Florida, and was therefore not immune from service.
Because it matters not whether Durkee was a resident of Florida or Texas when he was personally served in Florida, we need not address whether the trial court *1178 was correct in applying the rule of estop-pel against taking inconsistent positions.

Affirmed.

WARNER and TAYLOR, JJ., concur.