# Third District Court of Appeal
## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2100
Lower Tribunal No. 19-31187
_____

**Serviquim CA, etc.,**
Appellant,

vs.

**Manuchar NV, etc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Mavrick Law Firm, Peter T. Mavrick, Nathan A. Kelvy, and Lauren Swanson (Fort Lauderdale), for appellant.

Schwartz Sladkus Reich Greenberg Atlas LLP, Robin Bresky, and Randall Burks (Boca Raton), for appellee.

Before FERNANDEZ, C.J., and EMAS, and MILLER, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Burnham v. Superior Ct. of California, Cnty. of Marin</u>, 495 U.S. 604, 619 (1990) ("[J]urisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'"); <u>Durkee v. Durkee</u>, 906 So. 2d 1176, 1177 (Fla. 4th DCA 2005) (quoting <u>Garrett v. Garrett</u>, 668 So. 2d 991, 994 (Fla. 1996) (Wells, J., concurring)) ("Florida courts have personal jurisdiction over a nonresident defendant when that nonresident defendant is properly served with service of process while that nonresident defendant is voluntarily present in Florida."); <u>Koster v. Sullivan</u>, 160 So. 3d 385, 389 (Fla. 2015) (quoting <u>Re-Employment Services, Ltd. v. Nat'l Loan Acquisitions Co.</u>, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)) ("If the return [of service] is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence."); § 48.081(1)(c), Fla. Stat. (2022) ("Process against any private corporation, domestic or foreign, may be served: . . . . on any director . . . ."); Fla. R. Jud. Admin. 2.516(a) (emphasis added) ("*Unless the court otherwise orders*, . . . every . . . document . . . must be served in accordance with this rule . . . ."); <u>Emerald Coast Utils. Auth. v. Bear Marcus Pointe, LLC</u>, 227 So. 3d 752, 757 (Fla. 1st DCA 2017) ("[A] conscious

decision to use a defective email system without any safeguards or oversight

. . . cannot constitute excusable neglect.").