SHANNON, Judge.
The appellants, Marie Drake and James D. Camp, Jr., guardian ad litem for Marie Drake, filed this interlocutory appeal by reason of the entry of an order of the trial court denying Marie Drake’s motion to dismiss. The plaintiff below filed a complaint sounding in tort, and on that complaint a summons to two defendants, Edward J. Poor and Marie Drake, was delivered to the sheriff. The sheriff’s return showed that the deputy had delivered a copy to the defendant, Marie Drake. The original complaint contained no allegations concerning the mental competency of Marie Drake. A motion to dismiss was filed by Marie Drake, attacking the court’s jurisdiction over her by virtue of the failure of the sheriff to comply with Section 47.25, Florida Statutes, F.S.A., which deals with the service of process upon insane and incompetent persons. At the hearing on the motion to dismiss, Marie Drake proffered a certificate of the Probate Court of Essex County, Massachusetts, certifying that she had been adjudged mentally ill on August 2, 1954, *28 but the court refused to admit or consider this certificate on the ground that it was not properly before the court, and hence denied her motion. The plaintiff then filed a motion for the appointment of a guardian ad litem for the defendant, Marie Drake, on the ground that she was mentally incompetent, and pursuant to said motion the court appointed James D. Camp, Jr., as guardian ad litem. Thereafter, plaintiff filed an amended complaint, alleging that Marie Drake had been adjudged mentally ill in the Probate Court of Essex County, Massachusetts on August 2, 1954. A copy of .the amended complaint was mailed to the .attorney for James D. Camp, Jr. Neither a copy of the amended complaint nor a copy of airy additional summons was served upon Marie Drake. Another motion to dismiss was filed on behalf of Marie Drake on the grounds of lack of jurisdiction over the person, lack of jurisdiction over the subject matter, insufficiency of process and insufficiency of service of process. At the hearing which was held on this motion an affidavit executed by M. P. Hill, deputy sheriff of Broward County, was proffered to the court. This affidavit was an impeachment of the sheriff’s original return of service of process on the defendant and showed that the summons had been delivered to Edward J. Poor, father of Marie Drake, and not to Marie Drake. The court refused to receive the affidavit in evidence on the ground that it was not supported by any allegation in the motion, denied Marie Drake’s motion to dismiss and allowed her ten days within which to answer. An answer wasx filed for Marie Drake, alleging in detail lack of jurisdiction over the person, lack of jurisdiction over the subject matter, insufficiency of process and insufficiency of service of process. On September 12, 1958 the court entered an order denying the motion to dismiss as set forth in the answer. It is this order of September 12, 1958 from which this interlocutory appeal is taken.
The one question that we are asked to determine is whether or not § 47.25, Florida Statutes, F.S.A., governing service of process on insane and incompetent persons, is complied with when a summons is not delivered to the incompetent as called for by the statute, but is delivered instead to the father of the incompetent residing in the same residence as the incompetent.
Marie Drake, insofar as this appeal is-concerned is an incompetent, and § 47.25, F.S. 1957, F.S.A., which governs service of process on insane and incompetent persons- and which was in effect at the time the questioned service was effected, reads:
“The courts of this state shall obtain jurisdiction of insane persons and of such weak-minded and physically incapacitated persons as have been found and for whom the court shall have-appointed a curator of the estate or a guardian of the person of such incompetent, when the original writ of summons in chancery or summons in; law actions, as the case may be, is-served (1) by reading the writ or summons to be served to the insane or incompetent person to be served and also-to the guardian or other person im whose care or custody such insane or incompetent person may be, (2) or by delivery of a copy thereof to such-insane or incompetent person and to-his guardian, or other person in whose-care or custody such insane or incompetent person may be, and by further-serving the writ or summons upon the guardian ad litem thereafter appointed' by the court to represent said insane or incompetent person; provided, that service of process on the guardian ad' litem may be dispensed with where-such guardian ad litem voluntarily-appears in any proceeding in which he may have been appointed to act as guardian ad litem for any insane or incompetent person.”
The question to be determined, therefore,, is whether plaintiff has effected service on-Marie Drake by either one of the alternative methods provided by F.S. § 47.25, F.Si. *29 A. It can be readily seen that the deputy in attempting to effectuate the service neither read the summons to the incompetent person to be served, as required by subsection (1), nor delivered a copy thereof to such incompetent person or further served the summons upon the guardian ad litem thereafter appointed by the court to represent the incompetent person, as required by subsection (2).
Appellant has cited Zaro v. Strauss, 5 Cir., 167 F.2d 218, 220, which deals with F.S. § 47.25, F.S.A. and with a situation similar to the one here involved. In that case the defendant, Mrs. Strauss, had been adjudged insane by an Ohio court and service of process was made pursuant to F.S. § 47.13, F.S.A. by delivering a copy of the summons only to her. At the time of service there was nothing to indicate that Mrs. Strauss had previously been adjudged insane. Notice of that fact first appeared in the answer filed on behalf of Mrs. Strauss. In holding that the lower court did not have general jurisdiction over the person of the incompetent because F.S. § 47.25, F.S.A. had not been complied with, the Court said:
“* * * If, as the answer set up, defendant had been adjudged insane by a court of competent jurisdiction, no further step should have been taken without service upon her guardian if one had been appointed in Ohio and was present within the jurisdiction of the court in Florida; or, if the guardian was not in Florida or if no Ohio guardian had been appointed, upon a guardian ad litem thereupon appointed by the court in Florida. This was required under § 47.25, Fla.Stat.Ann. as a prerequisite to the acquisition by the court of general jurisdiction over the person of the defendant.”
While appellee has argued that the question of service in this particular case is not important because good service can be effected, we deem it to be of utmost importance that the statutes be strictly complied with where service is to be effected on an incompetent. In this case it is very apparent that this was not done, and the trial court’s denial of Marie Drake’s motion is hereby reversed.
Reversed.
KANNER, C. J., and ALLEN, J., concur.