SHANNON, Judge.
This appeal by the defendant below is from the final decree, based upon -a jury verdict, finding the defendant to be the natural father of the bastard child born to the plaintiff on December 31, 1959.
The complaint was filed on October 2, 1959. A jury trial was held on May 6, 1960. For some reason, not apparent in the record, final judgment was not entered until February 2, 1965.
In looking over the record and in studying the briefs, the appellant takes the position that the court never acquired jurisdiction over the defendant in this action. The defendant, Raymond Flint, adjudged to be the father of the child, was a minor at the time of the proceedings below and was in fact only seventeen years of age.
The appellant, in answer to the complaint filed a general denial and demanded a jury trial. There were some changes of attorneys in the course of the pleadings, as was indicated by the record. However, the trial was held on May 6, 1960, but the defendant was not present and claimed that notice of such trial was not received by him and he was therefore without knowledge of the date and time of said trial.
After trial the appellant retained new counsel who filed a motion to set aside the jury verdict, and as grounds the appellant alleged: 1) that he was a minor of seventeen years of age; 2) that the complaint failed to reveal that fact and was therefore defective; 3) that the summons was void and for the same reason the service of summons was also void; and 4) that the service of summons was further defective under Fla.Stat., Sec.-47.23, F.S.A., in that it was served upon the defendant’s mother alone, and not served by reading it to the minor defendant; and 5) that the court erred in not appointing a guardian ad litem to protect the rights of the minor defendant as is required by Rule 1.17(b), Florida Rules of Civil Procedure, 30 F.S.A. This motion *655 was denied and, at last, final judgment was entered on February 2, 1965.
The appellee has not filed a brief herein.
The point upon which attention is centered and the only point upon which this court need concern itself is the question of whether or not the court ever acquired jurisdiction over the minor defendant. The defendant, a minor, was served, if at all, under the provisions of Fla.Stat., Sec. 47.23, F.S.A., which is related to service upon minors, and provides:
“The courts of this state shall obtain jurisdiction of minors when the original writ of subpoena in chancery or summons ad respondendum in common law actions, as the case may be, is served by reading the writ or summons to be served to the minor to be served, and also to the guardian or other person in whose care or custody such minor may be, * * * and by further serving the writ or summons upon the guardian ad litem thereafter appointed by the court to represent said minor; provided, that service of process on the guardian ad litem may be dispensed with where such guardian ad litem voluntarily appears in any proceeding in which he may have been appointed to act as guardian ad litem for any minor.”
Fla.Stat, Sec. 47.24, F.S.A., reads:
“In all cases heretofore adjudicated, where process has been served upon a minor, as prescribed in § 47.23 of these statutes, the same shall be deemed and held lawfully made and no proceeding shall be declared irregular or illegal when a duly appointed guardian ad litem has appeared and answered for a minor in such cause.”
 The summons was issued on October 2, 1959, and service was attempted by the sheriff on the same date. The sheriff states in his return:
“Received this writ on the 2nd day of October, A.D., 1959 and served the same on RAYMOND FLINT by serving his mother, MINNIE LOUISE FLINT, at their usual place of abode. The within named Defendant at 10:25 A.M. on the 4th day of October, A.D., 1959 in Lee County, Florida by delivering to the within named Defendant a true copy of this writ with the date and hour of the service endorsed hereon by me, and at the same time I delivered to the within named Defendant a copy of the Plaintiff’s initial pleadings as furnished by the Plaintiff.”
From reading the requirements of the statute together with the return of the sheriff, it can readily be seen that this minor was not properly served, and that the attempted service upon him is void. No guardian ad litem was thereafter appointed by the court to represent said minor and, from the record itself, it is shown that the minor was tried and convicted without a guardian ad litem, either appearing voluntarily or being appointed. It does appear that the defendant, at the trial, had his attorney, but there is no record of what transpired at the trial, for the reason that no transcript was made thereof. Judgment was not entered until some five years thereafter. Many attorneys represented the defendant, but the facts, as we have related them, do not change the jurisdictional question. This appellant never did have a guardian ad litem or anyone appointed by the court to represent him and hence the lower court erred in denying the motion to vacate and set aside the verdict.
Reversed and remanded for proceedings consistent with this opinion.
ALLEN, C. J., and KISSINGER, C. M., Associate Judge, concur.