SWANN, Judge.
This appeal involves an interpretation of former Rule 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A.
Prior to January 1, 1966 Rule 1.11(b) provided essentially that:
“ * * * [T]he following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (S) insufficiency of service of process, (6) failure to state a cause .of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * * ”
Effective January 1, 1966 Rule 1.11(b) was amended to include the following provision :
“ * * * grouncjs on which any of the enumerated defenses based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not so stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. * * * ”
On January 18, 1966 the defendant served the plaintiff with a bare “motion to dismiss for failure to state a cause of action upon which relief could be granted.” The motion failed to specify the grounds upon which it was based.
On January 21, 1966 plaintiff filed a motion for entry of a default against the defendant, claiming that it had failed to answer or file a “proper motion pursuant to Rule 1.11, Florida Rules of Civil Procedure,” and that the time for filing an answer, therefore, was not tolled.
On February 1, 1966 the trial judge entered a default against defendant for fail *233 ure to answer or file other proper pleading as was required by law.
On the same date, February 1, 1966, the trial judge denied the defendant’s motion to dismiss and gave it thirty days in which to file a proper motion to set aside the default. A motion to set aside the default, asserting a meritorious defense, was timely filed, with a supporting affidavit and counterclaim. The motion claimed that defendant had pleaded to the complaint within the proper time and that its failure to include the grounds should result only in the denial of the motion and waiver of the grounds for the motion. The defendant also filed, an answer and counterclaim. The trial judge then denied the motion to set aside the default and a final judgment was subsequently entered for the plaintiff, from which the defendant now appeals.
The question before us is whether a bare “motion to dismiss for failure to state a cause of action upon which relief could be granted,” which fails ...to comply with the new provision, should be treated as a nullity or as a defective motion, the sole consequence of which is merely to bave it deemed a waiver of that particular defense.
The motion to dismiss asserted a proper defense, under the new rules, namely failure to state a cause of action, but it did ■not set forth any grounds upon which the defense was based, nor did it state specifically and with particularity the substantial matters of law intended to be argued. The penalty provided under Rule 1.11 for such an omission is that “any ground not so stated shall be deemed to be waived.” No authorization is given under the rule to treat such a motion to dismiss as though it were a nullity or had never in fact been filed.
Rule 1.11(a) (1) provides that the service of a motion under this rule * * * alters these periods of time as follows, -unless a different time is fixed by order of the court: (1) if the court denies the motion * * * the responsive pleading shall be served within ten days after notice of the court’s action. This appears to have been the proper and correct procedure for the trial judge to have followed. We therefore reverse the final default judgment and remand the cause with directions that the default be vacated and for further proceedings predicated on the pleadings, including the answer and counterclaim offered for filing by the defendant.
Plaintiff argues that the defendant has abandoned its assignment of error and that therefore the case on appeal is moot. We have examined the assignments of error and find this claim to be without merit.
. Reversed and remanded.