PER CURIAM.
In this interlocutory appeal, appellant-defendant, J. E. S., attacks the trial court’s order finding the court to have jurisdiction over the defendant to determine paternity in a suit filed by appellee-plaintiff, B. J. F.
Plaintiff attempted service of process upon the defendant, a nonresident of Florida, by publication in a newspaper. The defendant through special appearance promptly moved to quash and set aside the service of process and to dismiss the complaint for lack of jurisdiction over the person of the defendant.
The sole issue before us is whether jurisdiction to determine the question of paternity can be acquired in a paternity suit through constructive service by publication on the defendant.
Our court has recently treated this subject in T. J. K. v. N. B., Fourth District Court of Appeal, 237 So.2d 592, opinion filed July 17, 1970, by determining that a paternity action is one “in personam,” and concluding:
“* * * A judgment in .personam against a nonresident who does not enter a voluntary general appearance or otherwise waive personal service of process can be predicated only upon jurisdiction over the person of the non-resident acquired by proper personal service of process upon him within the territorial jurisdiction of the court.”
In this instance, these requirements were not met, and defendant’s motions to quash and dismiss should have been granted.
*521 Accordingly, the order finding the court to have jurisdiction to determine paternity is reversed, and this cause is remanded to the trial court for entry of an order consistent herewith.
Reversed and remanded with directions.
McCAIN and OWEN, JJ., concur.
WALDEN, J., dissents, without opinion.