LETTS, Judge.
This interlocutory appeal comes to us from an order denying the appellant’s motion to dismiss the complaint, predicated on an insufficiency of process under Fla.R. Civ.P. Rule 1.140(b). We reverse.
This case involves service of process on a minor pursuant to Section 48.041(1). The pertinent language of that statute is as follows:
Process against a minor who has never been married . . . shall be served: (1) By READING the process to the minor . . . to be served (Emphasis supplied).
The record reflects that the deputy sheriff who effected service handed over the papers and said only, “These are papers of someone suing you.” From this statement the trial judge concluded “that the reading requirement of Section 48.041 Florida Statutes ha(d) been satisfied.”
So far as we can determine no appellate court has been called upon to define what constitutes substantial compliance with the phrase “reading the process to the minor,” although the question was partially addressed in Drake v. Wimbourne, 112 So.2d 27 (Fla. 2nd DCA 1959). However, it seems to us that it is clear and must mean that the deputy should read the contents of the process out loud to the minor. Said process contains within it the important admonition that the incompetent served must answer the pleading within 20 days or face the prospect of default. Such an admonition is not substantially complied with by the mere statement that someone is suing.
Any doubt that the process server is required to actually read the contents of the process is dispelled when one refers to the adjoining section on service of process generally. This latter section simply provides that service can be made “by delivering a copy of” it. Section 48.031 Florida Statutes (1975). In consequence the term read the process, as distinct from deliver it must mean something extra, intended by the legislature. That intention is obvious. It is a further safeguard designed to improve the level of awareness so that an incompetent will better understand what is happening.
Statutes relating to service of process should be strictly complied with. Drake v. Wimbourne, supra. Thus, notwithstanding the other requirements of the same section, which admittedly would appear to us to provide ample safeguard to the minor being sued, we are compelled by the legislative act to the conclusion that the service of process was insufficient in this case.
Reversed and remanded.
CROSS and MAGER, JJ., concur.