MILLS, Judge.
Following a non jury trial in a paternity action brought by Tammy, the trial court ruled that Frank was the father of the child borne by Tammy and ordered him to support the child. Frank contends the trial court erred in denying his motion to compel Tammy and the baby to submit to a Human Leukocyte Antigen (HLA) blood test and contends the trial court’s decision was against the manifest weight of the evidence. We agree that the trial court erred in denying Frank’s motion to compel an HLA blood test and reverse.
Prior to trial, Frank sought to compel Tammy and the baby to submit to an HLA blood test which is recognized as the most accurate test in excluding paternity and offered to pay all expenses incurred by Tammy and the baby in administering it. The test could not be administered until the baby reached six months of age. The trial court refused to compel the HLA test because “scientific tests can’t delay justice” and the trial court was not going to delay a proceeding for six months after birth “while some other litigant who is demanding relief sits there and waits while your client sits there free, free and clear.”
At trial, Tammy testified that she had sexual intercourse with Frank one time, on 8 June 1979. Frank denied this. Tammy adduced testimony from members of her family and friends that when confronted with Tammy’s pregnancy, Frank acknowledged the baby was his and he agreed to marry her. Frank denied this.
The older, less reliable, red blood cell tests were performed and Dr. Hilbert, a pathologist, who examined the results, stated they contained strong evidence against paternity. The child did not have one of the factors which is present in Frank, the “M” factor. He recommended that other tests such as the HLA test be performed to increase the certainty of exclusion.
Frank also introduced evidence of two sperm count tests which showed it was very unlikely that he could impregnate a woman. Dr. McCaughn, a urologist, testified that it was very unlikely that Frank could father a child because of his low sperm count. Dr. Frazier, an obstetrician/gynecologist, in response to a hypothetical question based on the sperm count tests, testified the chances were slim to extremely slim that Frank could impregnate a woman.
Barbara Snyder testified that Tammy told her she had sexual relations with Roger Morgan prior to and around the spring of *920 1979. Dr. Frazier stated that his examination of Tammy indicated she was sexually active.
On this evidence, the trial court found Frank to be the child’s father and awarded child support. Frank filed a motion for rehearing requesting the trial court to consider this court’s opinion in Carlyon v. Weeks, 387 So.2d 465 (Fla. 1st DCA 1980), and allow him to obtain the HLA blood test. He also requested a new trial because the trial court’s decision was against the manifest weight of the evidence. The motion was denied.
The issue before the trial court was whether Frank was the father of Tammy’s child.
Although Tammy concedes that the HLA test is the most accurate test known to medical science and although Dr. Hilbert recommended that the HLA test would establish the certainty of exclusion of paternity, the trial court denied Frank the right to this critical test. This was prejudicial to Frank’s defense. The trial court abused its discretion and this amounted to a denial of due process. Compare Bowden v. State, 187 So.2d 621 (Fla. 2d DCA 1962).
The trial court was concerned that Tammy and the baby would have to wait six months for the HLA test and this would place a great burden on them because they would need medical expenses and support during this time. It showed no concern that if Frank was wrongfully accused and declared to be the father, he would have to support a child that was not his for eighteen years.
It is often said that justice delayed is justice denied but justice must never move so swiftly that it ignores the rights of one of the parties.
Evidence of a single act of sexual intercourse was conflicting. Evidence of Frank’s acknowledgment that the child was his was conflicting. Evidence of Tammy’s prior chastity was conflicting. It was un-controverted that it was highly unlikely that Frank could impregnate a woman. It was uncontroverted that the red blood cell tests contained strong evidence against paternity. Dr. Hilbert, a pathologist, recommended that the HLA test be given because this test would establish the certainty of exclusion of paternity.
We reverse and remand to the trial court with instructions to require an HLA test of Tammy and the child at the expense of Frank. The testimony of the physician administering the HLA test may be presented by either party by requiring the physician to appear before the trial court or by deposition. The trial court shall then reconsider its ruling without the taking of further testimony or receiving additional evidence.
ROBERT P. SMITH, Jr., C. J., and DOW-NEY, JAMES C., Associate Judge, concur.