PER CURIAM.
The plaintiff appeals from an order dismissing both counts of its complaint for failure to state a cause of action. We reverse as to Count I and affirm as to Count II.
With respect to Count I, we find the allegations of fraud against defendant Pan American Investment and Development Corp. (“Pan American”) sufficient to withstand a motion to dismiss. When fraud is asserted as a claim or defense, the facts and circumstances constituting the fraud must be pled with specificity, Fla.R. Civ.P. 1.120(b), and all essential elements of fraudulent conduct must be stated, i.e., that plaintiff relied to his detriment on a false statement concerning a material fact made with knowledge of its falsity and an intent to induce reliance. George Hunt, Inc. v. Wash-Bowl, Inc., 348 So.2d 910 (Fla. 2d DCA 1977). When fraud in the inducement is alleged, plaintiff need not plead that he was precluded from discovering the truth as to misrepresented facts, provided that the complaint alleges reasonable reliance on material representations of existing fact. Avila South Condominium, Association v. Kappa Corp., 347 So.2d 599 (Fla.1977).
In this case, plaintiff alleged that an agent of defendant Pan American made false representations regarding the boundary of certain real estate which it sold to plaintiff, that Pan American corroborated the false representations by furnishing it with an inaccurate drawing prepared by its president with knowledge of its falsity and with intent that plaintiff would rely on it. In addition, plaintiff alleged that it reasonably relied on the false representations to its detriment, and suffered damages represented by the difference in the value of the parcel actually received with the parcel it bargained for in contracting with Pan American. We find that those allegations adequately set forth the specific facts constituting fraud as well as all the elements of a cause of action in fraud, and therefore hold that the trial court erred by dismissing Count I.. Cf. Parker v. Gordon, 442 So.2d *1233 273 (Fla. 4th DCA 1983); Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc., 253 So.2d 900 (Fla. 3d DCA 1971); General Dynamics Corp. v. Hewitt, 225 So.2d 561 (Fla. 3d DCA 1969).
In Count II plaintiff attempted to state an action in negligence against defendant Heller, Weaver and Associates, Inc., (“Heller”). It alleged that the president of Pan American made the false survey referred to in Count I on paper bearing Heller’s name, address and logo by copying from an accurate drawing prepared by Heller. Additionally, plaintiff alleged that Heller knew or should have known that its paper was thus being used by Pan American because of its prior dealings with Pan American in which it permitted Pan American’s president to use its property and facilities, yet it remained passive while plaintiff relied on the survey under the mistaken belief that it was prepared by a Heller employee.
We hold that Count II was properly dismissed for failure to state a cause of action because it does not state facts establishing a relationship between Heller and the plaintiff from which the law implies a legal duty. The result may have been otherwise had plaintiff alleged that the inaccurate survey was produced by Heller pursuant to some contractual obligation which it assumed, cf. A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla.1973); Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc., 406 So.2d 515 (Fla. 4th DCA 1981), petition rev. denied, 417 So.2d 328 (Fla.1982), but the complaint is devoid of any such allegation. Therefore, we affirm the dismissal of Count II for failure to state a cause of action.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, BERANEK and HURLEY, JJ., concur.