PER CURIAM.
The order denying appellant’s motion for relief from a 1969 Final Judgment of Paternity and Support Order is reversed upon a holding that where, at the time of the service of process, the appellant was a minor who had never been married, the service, which was, as the sheriff’s return itself reflects, made solely by leaving the process with the appellant’s father and ex *186 plaining the contents thereof, was ineffective to confer jurisdiction over the appellant, see Gissen v. Goodwill, 74 So.2d 86 (Fla.1954); Buck v. McNab, 139 So.2d 734 (Fla. 2d DCA), cert. denied, 146 So.2d 374 (Fla.1962); Foster v. Thomas, 112 So.2d 33 (Fla. 1st DCA 1959), by reason of the process server’s failure to comply with the conjunctive and strict requirements of Section 48.041(1), Florida Statutes (1969),[1] see Jones v. Lucks, 349 So.2d 691 (Fla. 4th DCA 1977); Flint v. Baker, 189 So.2d 654 (Fla. 2d DCA 1966); Drake v. Wimbourne, 112 So.2d 27 (Fla. 2d DCA 1959), and the resulting judgment against the appellant was void and subject to being set aside at any time, see Williams v. Richardson, 432 So.2d 58 (Fla. 3d DCA 1983); T.J.K. v. N.B., 237 So.2d 592 (Fla. 4th DCA 1970). See also McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979); Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976); J.E.S. v. B.J.F., 240 So.2d 520 (Fla. 4th DCA 1970).
Since, as the appellee concedes, the setting aside of the final judgment of paternity makes viable the appellant’s motion to require the appellee and the child to submit to tests to determine their blood types, the denial of this motion is also reversed. See Elzey v. Smith, 412 So.2d 918 (Fla. 1st DCA 1982); Bailey v. Richardson, 412 So.2d 69 (Fla. 1st DCA 1982); Simons v. Jorg, 384 So.2d 1362 (Fla. 2d DCA 1980). Cf. Nostrand v. Olivieri, 427 So.2d 374 (Fla. 2d DCA 1983). See also McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980); Carlyon v. Weeks, 387 So.2d 465 (Fla. 1st DCA 1980).
Reversed and remanded for further proceedings.

. Section 48.041(1), Florida Statutes (1969), provides, in pertinent part, that process upon a minor who has never been married must be served:
‘‘[b]y reading the process to the minor or incompetent to be served and to the person in whose care or custody the minor or incompetent is and by delivery of a copy thereof to such person in whose care or custody the minor or incompetent is and by further serving said process on the guardian ad litem or other person, if one is appointed by the court to represent the minor or incompetent."
In the present case the process was not read to the minor, arguably was not read to the minor’s father, and, although the minor’s father was later appointed guardian ad litem, was not served upon the minor’s father in that capacity.