ON MOTION FOR SUMMARY DISMISSAL

PER CURIAM.
Appellee, Department of Health and Rehabilitative Services (HRS), moves for dismissal of this appeal. We grant the motion.
The motion is grounded in the procedural history of this case, a recitation of which is in order. Appellant Michael Patton was served with a paternity action in 1987. He filed a pro se response in which he denied paternity. Thereafter his answer was stricken and a default was entered, apparently as a sanction for noncooperation in discovery proceedings. Patton did not attend the 1988 trial and a judgment was entered against him. The judgment included an income deduction provision, and Patton became aware of its existence when his wages were garnished. Only in 1989, after an order of arrest was issued for the alleged failure to forward support payments, did Patton retain an attorney to represent him.
In December, 1989, through a motion to set aside the default and final judgment, Patton made his first attempt to challenge the judgment. The motion was denied, and Patton appealed. See Patton v. State Department of Health and Rehabilitative Services, Office of Child Support Enforcement, ex rel. D.A.R., 597 So.2d 302 (Fla. 2d DCA1991). Initially the court affirmed per curiam. However, in response to Patton’s motion for rehearing, the court issued a more detailed opinion in which many of the foregoing facts were set forth. The court further observed that
[although [counsel] was retained well within a year of the final judgment, he did not file a motion to set aside the default and final judgment until ... fourteen months after entry of the final judgment. Because of this unexplained delay, Mr. Patton was procedurally barred from obtaining any relief in the trial court under reasons (1), (2), and (3) of Florida Rule of Civil Procedure 1.540(b). Instead, he was limited to relief under reasons (4) or (5) of the rule.
597 So.2d at 302-3. This finding is derived from the plain language of the rule itself, which recognizes one exception for fraud. Fraud was not alleged in Patton’s motion, nor did it state a case under subsections (4) and (5) of the rule.
The present appeal stems from a successive motion to set aside the default and judgment. Its basic premise is that the trial court, and this court, have persistently refused to follow the supreme court’s holding in Commonwealth Federal Savings and Loan Association v. Tubero, 569 So.2d 1271 (Fla.1990). Tubero involved a certified question similar in principle to a potential issue presented by the present case:
Is an express written finding of willful or deliberate refusal to obey a court order to comply with discovery under Florida Rule of Civil Procedure 1.380 necessary to sustain the severe sanctions of dismissal or default against a noncomplying plaintiff or defendant?
The supreme court answered the question in the affirmative. By contrast, the trial court at one point conceded that “[t]he order striking [Patton]’s answer and entered [sic ] default judgment ... [was] procedurally inadequate.”
Notwithstanding this declaration, Tubero does not control the outcome in the present case. The appeal in Tubero was taken directly from the dismissal of a plaintiff’s complaint. See Tubero v. Chapnich, 552 So.2d 932, 933 (Fla. 4th DCA1989). There were no proceedings under rule 1.540(b), and certainly no untimely attempts to remedy the perceived problem.
*1109 We suspect that Patton, despite his protestations to the contrary, appreciates this distinction. Our decision in the prior appeal was met with a strongly worded motion for rehearing, which
implie[d] that ... we have the power to do good in this case and have instead committed a judicial “sin”; ... we are depriving [Patton] of his constitutional rights because of a “zealous enforcement of procedural niceties”; ... and ... we have committed a “human rights” violation similar to those in a totalitarian regime.
597 So.2d at 303. Similarly, when confronted by the HRS motion to dismiss the instant appeal, Patton complains that “that which transpired before entry of final judgment of paternity was absolutely ignored by this court on appeal, only ruling on that which transpired after entry of final judgment of paternity.” Such a response only begs the question whether those postjudgment proceedings were in accordance with the requirements of law.
Davie v. Calton, 453 So.2d 185 (Fla. 3d DCA1984), another case cited as authority by Patton, is similarly unavailing. In Dav-ie the court reversed an order which had declined to set aside a fifteen-year-old paternity judgment, a fact lending itself to Patton’s “a fortiori” style of argument. However, the court actually held that the judgment, because of jurisdictional defects involving service of process on a minor, “was void and subject to being set aside at any time.” 453 So.2d at 186. See also Flint v. Baker, 189 So.2d 654 (Fla. 2d DCA1966). And see Fla.R.Civ.P. 1.540(b)(4).
By contrast, the sort of error occurring in Tubero is not jurisdictional despite Patton’s strenuous attempts to equate it with “fundamental error in criminal law.” Instead, it is merely an instance of a defective order which frustrates an appellate court’s review power. See 569 So.2d at 1273. That is, without some express basis for the trial court’s ruling, the appellate courts in Tubero were unable to determine whether dismissal of the complaint was an abuse of discretion. The failure to include specific reasons for the imposition of sanctions, though reversible error if attacked on plenary appeal, does not render a judgment “void” as that term is used in Davie and rule 1.540.
Dismissal is a harsh sanction, no less at the appellate level than at trial. This is especially true in a paternity case. Cf. Vaught v. Mercer, 513 So.2d 229 (Fla. 1st DCA 1987) (reversing default entered against putative father). However, we find that dismissal, rather than summary affir-mance pursuant to Florida Rule of Appellate Procedure 9.315(a), is warranted under the circumstances of this case. Although our prior opinion did not specifically mention the Tubero case or discuss its relevance to Patton’s problems, the district court opinion (affirmed in the supreme court) was cited in both Patton’s brief and motion for rehearing. “[W]hen a point which was not discussed in an appellate opinion is necessarily determined by the opinion, the doctrine of law of the case is applicable.” Goodman v. Olsen, 365 So.2d 393, 396 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 74 (Fla.1979).
The result we reach may seem unduly harsh in light of the fact Patton is now obligated to provide financial support until the child reaches majority. However, this “penalty” must be weighed against society’s (and other parties’) interest in concluding litigation, as furthered by the limitations periods imposed in rule 1.540. It remains at least a theoretical possibility that Patton, despite his lack of diligence in complaining about it, is not the child’s biological father. Whether the child’s best interests are served by perpetuating such a misconception is not for us to decide; cf. Benac v. Bree, 590 So.2d 536 (Fla. 2d DCA1991); nor is this necessarily an appropriate subject for litigation initiated by Patton on his own behalf.
Motion granted; appeal dismissed.
FRANK, C.J., and RYDER and DANAHY, JJ., concur.