704 So.2d 730 (1998)
Myriam CAMPO a/k/a Myriam Tafur, Appellant,
v.
Cesar L. TAFUR, Appellee.
No. 96-3823.
District Court of Appeal of Florida, Fourth District.
January 14, 1998.
*731 Jorge L. Fors and Jose Antonio Llerena of Jorge L. Fors, P.A., Coral Gables, for appellant.
Richard G. Ozelie, Fort Lauderdale, for appellee.
POLEN, Judge.
This appeal involves a dissolution of marriage proceeding that turned into a suit for paternity, child support, fraud, breach of contract, and quantum meruit when the petitioner "wife" learned that the respondent "husband" denied they were legally married. *732 The petitioner, Myriam Campo, claimed the respondent, Caesar L. Tafur, had told her in 1977 when they lived in Colombia that they had become legally married via a power of attorney. She alleges that she continued to believe they were married even after they moved to Florida in 1992 and after she filed her petition for dissolution of marriage. Of the five points raised on appeal, we reverse four.
On November 9, 1977, while both parties resided and cohabitated in Colombia, Tafur allegedly represented to Campo that they had entered into a valid marriage contract via power of attorney in the Republic of Venezuela. Two minor children were later born of the relationship. In 1992, the parties and the children relocated to South Florida. In 1993, they purchased a home in Broward County. After they separated later that year, Campo maintained "physical custody" of the children and Tafur, who returned to Colombia, acknowledged that he was their natural father.
While Tafur was visiting the minor children in August, 1995, Campo served him with her petition for dissolution of marriage and for partition. Tafur filed a motion to dismiss the original petition, alleging that the parties had never legally married. Campo alleges that this is when she learned for the first time that the parties allegedly were not legally married.
She subsequently amended her petition to allege counts for the determination of parentage, child support, actual fraud, breach of oral contract, and quantum meruit. Tafur filed a second motion to dismiss and motion to strike the amended petition. At the subsequent hearing, he alleged that the counts for paternity, child support, and fraud were barred by the Colombian statute of limitations, that the count for breach of oral contract was barred by the Statute of Frauds, and that the count for quantum meruit simply "should be dismissed as a matter of law."
On August 28, 1996, the court dismissed all counts. Campo's motion for rehearing was denied, and a final judgment of dismissal with prejudice as to all counts was entered. This appeal followed.

PATERNITY AND CHILD SUPPORT
Since our review of the record does not reveal the basis for the court's dismissal of the amended complaint, we will examine all of Tafur's arguments that he claims support dismissal. Among his many arguments, he claims that the trial court correctly dismissed the counts for paternity and child support because it lacked personal jurisdiction over him. Under Florida law, a paternity action requires personal jurisdiction over the putative father before the action may be maintained. J.E.S. v. B.J.F., 240 So.2d 520, 520 (Fla. 4th DCA 1970). Tafur does not refute that Campo perfected personal service of her original petition upon him while he was in Florida visiting the minor children. This was sufficient to confer personal jurisdiction over him. § 48.031, Fla. Stat. (1995); see also State, Dep't of Health and Rehabilitative Servs., Office of Child Support Enforcement ex rel. Luke v. Wright, 489 So.2d 1148, 1149 (Fla. 2d DCA 1986).
Tafur also argues that the trial court lacked subject matter jurisdiction over these claims under the Uniform Child Custody Jurisdiction Act (UCCJA). We do not find this argument persuasive, however, since the UCCJA does not automatically oust the trial court of the power to preside over these proceedings, even if Tafur could prove he had some contacts with the children outside the jurisdiction. Notarfonzo v. Kline, 464 So.2d 656, 657-8 (Fla. 4th DCA 1985).
Tafur alternatively argues that, on the face of Campo's amended petition, these claims were barred by Colombia's statute of limitations. Campo, instead, argues that Florida law should govern her claims. Florida regards statutes of limitation as matters of procedure, governed by the law of the forum state. However, foreign statutes of limitation are "borrowed" in certain situations. Specifically, section 95.10, Florida Statutes (1995) bars actions brought in Florida which would have been time-barred if brought at the same time in the jurisdiction where the cause of action arose. Evolving case law has interpreted this procedural statute to require that all substantive issues be governed by the law of the state having the *733 most significant relationship to the occurrence and the parties. Bishop v. Florida Specialty Paint Co., 389 So.2d 999, 1000 (Fla. 1980); Bates v. Cook, 509 So.2d 1112, 1113 (Fla.1987).
Tafur claims that the cause of action for paternity and child support arose in Colombia upon the births of their children in 1981 and 1985, respectively. As such, he concludes that Colombian law should govern pursuant to section 95.10. (Under Colombian law, he argues that Campo's claims would be time-barred.) In her amended complaint, however, Campo alleged that she was a resident of Broward County, Florida, had physical custody of the parties' children, and that she and Tafur owned real property in the county. She argues that these allegations support that the parties' relationship and cause of action were centered in Florida and that therefore, under Bates, supra, dismissal was improper.
We agree that, under Bates, and as a matter of policy, Campo made sufficient allegations in the amended complaint to survive the motion to dismiss on the paternity and child support counts pursuant to section 95.10. As the obligation to pay child support stems directly from paternity, Dept. of Health and Rehabilitative Servs. v. Wright, 522 So.2d 838, 841 (Fla.1988), stripping away Campo's right to determine that Tafur is the natural father of her two minor children would deprive those children of their legal right to receive support from him. As the Court stated, in Department of Health & Rehabilitative Services, on Behalf of Gillespie v. West, 378 So.2d 1220, 1228 (Fla.1979), the duty of future support, available to legitimate offspring, may not be denied to those born out of wedlock.[1]
Accordingly, we find that the trial court erred in failing to apply Florida law in ruling on the motion to dismiss these counts. Since, under Florida law, Campo's claims are not time-barred, we reverse on these counts. See § 95.11(3)(b), Fla. Stat. (1995).

ACTUAL FRAUD
Tafur also argues that Count III is time-barred by Colombian law. As reasoned above, we disagree. Since a tort claim arises "where the last event necessary to make the defendant liable for the tort took place," Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA 1986), we find that Campo's allegations, on the face of the amended petition, are both timely and sufficient to state a cause of action for actual fraud. See § 95.11(3)(j), Fla. Stat. (1995); Peninsular Fla. Dist. Council of Assemblies of God v. Pan American Inv. and Dev. Corp., 450 So.2d 1231, 1232 (Fla. 4th DCA 1984). Accordingly, we reverse as to dismissal of this count.

BREACH OF ORAL CONTRACT
We agree that, on the face of her amended petition, Campo's count for breach of oral contract is barred by section 725.01, Florida Statutes (1995), the Statute of Frauds. Section 725.01 requires that an agreement that is not to be performed within the space of one year from the making of the agreement is unenforceable and void unless reduced to writing. Id. Campo's allegations that, as consideration for her agreement to provide him with domestic and other personal services, he would provide her "with room, board and sustenance for the rest of her life" (emphasis added) directly contravene the statute. Campo cannot argue that the statute does not apply based on the fact that she provided these services until the parties separated, as the law holds that partial performance of a contract for personal services which exceeds one year is not an exception to this rule. Johnson v. Edwards, 569 So.2d 928, 929 (Fla. 1st DCA 1990); Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518, 519-20 (Fla. 3d DCA 1975). Accordingly, we believe the court correctly decided this issue.

QUANTUM MERUIT
Campo finally argues that the court incorrectly dismissed Count V for quantum meruit, alleging that Tafur's motion to dismiss failed to aver any legal or factual deficiencies *734 which would justify dismissal. We agree. A motion to dismiss must set forth the grounds upon which the motion is based, as well as state specifically and with particularity the substantial matters of law intended to be argued. Nicholas v. Harry P. Leu Machinery Corp., 200 So.2d 232 (Fla. 3d DCA 1967). Tafur's motion fails to set forth the same.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] Although Tafur conceded on the record that he fathered Campo's two minor children, this admission, absent an affidavit alleging the same, only creates a rebuttable presumption of paternity. § 742.10, Fla. Stat. (1995).