PER CURIAM.
The purchasers of a renovated home appeal the dismissal of their first amended complaint against the seller, which alleged counts for fraudulent misrepresentation and breach of an oral contract to repair defects in the home. They argue the trial court erred in dismissing their first amended complaint with prejudice. We agree in part and reverse the portion of the order dismissing the breach of contract count.
The purchasers entered into a written agreement to buy a specific parcel of land located in Palm Beach County. The agreement called for the delivery of possession of the property and a certificate of occupancy on the date of closing. On March 25, 2003, the parties performed a final walk-through of the property, which resulted in a report, signed by the purchasers, stating: “[t]he undersigned Purchasers have this date inspected the property and accept property that I/We are purchasing in its present working condition.” The purchasers did not receive a certificate of occupancy and there were a number of defects in the home.
The purchasers’ first amended complaint alleged a count for fraudulent misrepresentation and a count for breach of an oral contract to repair defects in the property. The seller filed a motion to dismiss the fraudulent misrepresentation count for failure to state a cause of action and to dismiss the breach of contract claim because the purchasers accepted the property “in its present working condition.” Attached to the motion to dismiss was the walk-through report.
The trial court granted the motion to dismiss without prejudice and allowed the purchasers ten days to amend. Instead of amending their complaint, the purchasers appealed.[1]
*565 Florida Rule of Civil Procedure 1.120(b) mandates that “[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with such particularity as the circumstances may permit.” Failure to allege a specific element of fraud in a complaint is fatal when challenged by a motion to dismiss. See, e.g., Peninsular Fla. Dist. Council of Assemblies of God v. Pan Am. Inv. Dev. Corp., 450 So.2d 1231 (Fla. 4th DCA 1984). Here, the plaintiffs failed to allege all of the elements of fraudulent misrepresentation after having been given multiple opportunities to do so. We find no error in the trial courts order dismissing the count for fraudulent misrepresentation.
Unlike a claim for fraudulent misrepresentation, however, a claim for breach of an oral contract need only “allege sufficient ultimate facts to show that the pleader is entitled to relief.” W.R. Townsend Contracting, Inc. v. Jensen Civil Cons., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999) (quoting Perry v. Cosgrove, 464 So.2d 664, 665 (Fla. 2d DCA 1985)). In this case, the purchasers sufficiently alleged the elements of a claim for breach of an oral contract. Because the contract could be performed within one year and was allegedly entered into subsequent to the closing on the purchase of the property, it did not run afoul of the Statute of Frauds. See 725.01, Fla. Stat. (2003). Thus, the trial court erred in dismissing this count of the first amended complaint.[2]
For these reasons, we reverse the order of dismissal as it relates to the breach of contract count, but affirm the dismissal as it relates to the fraudulent misrepresentation count.
FARMER, KLEIN and MAY, JJ., concur.

. The purchasers' original appeal was from a non-final order. This court sua sponte dismissed the appeal. While that appeal was pending, the seller filed another motion to *565 dismiss and argued the purchasers failed to file an amended complaint as permitted by the trial court. The trial court granted the motion and dismissed the purchasers' first amended complaint with prejudice. It is from this order that the purchasers appeal.

. The seller also argues the breach of contract claim was waived by the purchasers' acceptance of the property and signing of the walk-through report. The walk-through report cannot serve as a basis for dismissal of the breach of contract claim for two reasons. First, the court is restricted to the four corners of the complaint when reviewing the allegations on a motion to dismiss. See Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175 (Fla. 5th DCA 2001). Second, the purchasers have alleged the oral contract arose subsequent to the closing and walk-through, a transaction separate and independent of the purchase of the property.